# 𝔖taunton

C. G. KEGLEY, ADMINISTRATOR, ETC. V. APPALACHIAN
ELECTRIC POWER COMPANY.

September 20, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Chinn, JJ.

The opinion states the case.

*S. B. Campbell* and *W. B. Kegley,* for the plaintiff in error.

*Woods, Chitwood, Coxe & Rogers* and *Leonard G. Muse,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought by plaintiff in error, to recover damages for the death of Walter H. Kegley, caused, as alleged in the notice of motion, by negligent acts of the defendant. At the conclusion of plaintiff's evidence, defendant made a motion to strike out the evidence of plaintiff. That motion the court sustained and in consequence thereof, a verdict was rendered by the jury, in favor of defendant, and final judgment entered thereon.

The assignment of error which in our opinion is determinative of the case, challenges the action of the trial court in sustaining the motion of the defendant to strike out the evidence of the plaintiff.

The accident complained of occurred about eleven o'clock at night in Pulaski county, on a public road which runs north and south. The automobile in which plaintiff's intestate was a guest was being operated by Jack Day. Day, Kegley and a young lady, the occupants of the car, occupied the front seat. They were returning from an amateur show in Pulaski.

The automobile in which plaintiff's intestate was riding was proceeding in a southerly direction and the accident occurred at the apex of a sweeping curve to the left. The road is thirty feet wide from property line to property line. The tarred surface is sixteen feet wide and on each side thereof was a gravel shoulder about two and one-half feet wide. Five feet from the west shoulder of the road a pole belonging to defendant had been placed in the right of way, with the consent of the board of supervisors of Pulaski county. Between the pole and the west edge of the shoulder was a ditch approximately four inches deep and twelve inches wide. The pole was located on a bank two and one-half feet high, one foot from the edge of the ditch and two and a half feet from the bottom. South of the pole and on the opposite side of the road is a store with a gas tank.

As Day approached the point of the accident, according to his statement, a car proceeding in the opposite direction pulled out from the gas tank. Day was blinded by the lights of this car and in order to avoid a collision he swerved to the right and in so doing the right front wheel of his car went off the shoulder into the ditch and traveled a distance of six feet, when the top of the car struck the pole. Young Kegley was thrown from the car and received injuries from which he died. The evidence further shows that none of the three occupants of the car had partaken of any intoxicants during the evening, but it is admitted that liquor was found in the car after the accident.

In *Green* v. *Smith,* 153 Va. 675, 151 S. E. 282, Mr. Justice Epes, in delivering the opinion of the court, has dealt at length with the power of the trial court to strike out the

evidence and it is unnecessary to repeat the doctrine there laid down.

It is conceded by plaintiff that defendant's pole was located upon the right of way pursuant to a resolution of the board of supervisors of Pulaski county, and that the authorization was still valid and in force at the time of the accident.

The sole question for determination is: Did the defendant negligently place or allow the pole to remain in such a negligent position from which it might reasonably be anticipated that injury would be caused to travelers? In other words, was the position of the pole the proximate cause of the accident?

In *Virginia Iron, Coal, etc., Co.* v. *Kiser,* 105 Va. 695, 54 S. E. 889, 892, it is said: "The first requisite of proximate cause is the doing or omitting to do an act which a person of ordinary prudence could foresee might naturally or probably produce the injury, and the second requisite is that it did produce it."

In *Wyatt* v. *Telephone Company,* 158 Va. 470, 479, 163 S. E. 370, 373, 82 A. L. R. 386, Mr. Justice Holt quoted from 22 R. C. L. 124, as follows:

"In accordance with the test of responsibility above set forth, it has been held in many cases that a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again. The possible consequences are those which happen so infrequently that they are not expected to happen again. A man's responsibility for his negligence must end somewhere. As has been well said: 'One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is

unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable.'"

Mr. Justice Holt then says: "The substance of it all, stated and restated in various ways, is that negligence carries with it liability for consequences which, in the light of attendant circumstances, could reasonably have been anticipated by a prudent man, but not for casualties which, though possible, were wholly improbable. One is not charged with foreseeing that which could not be expected to happen."

While it is true that as a general proposition the public is entitled to the full and free use of all the territory within the highway, such use contemplates the exercise of prudence and common sense. In this age of automobiles the prevalent idea is that they will be operated ordinarily upon the usable portion of the highway. Therefore, when it appears (as it does in this case) that the power company, in the exercise of a grant conferred upon it by the legally constituted authorities, places its pole in the non-usable portion of the highway, and there is no dispute as to the facts which led up to the accident, then "it is the province of the court to determine in the first instance whether or not the facts offered in evidence, tending to prove an injury to a plaintiff, are too remote from the defendant's act of negligence to constitute an element of the plaintiff's recovery." *Judy* v. *Doyle*, 130 Va. 392, 108 S. E. 6, 10.

The trial court was of opinion that the case at bar is controlled by the ruling of the *Wyatt Case, supra*. In that conclusion we concur, which leads to our affirming the judgment of the trial court.

*Affirmed.*

HUDGINS, J., dissenting.